FANNIE WILLIAMS and another v. R. W. THOMAS Administrator.

*Practice--Trial--Handing Papers to Jury.*

It is error for a Court upon the trial of an action to hand to the jury upon their retirement (when it is objected to) papers which have been read as evidence in the case.

*(Outlaw* v. *Hurdle,* 1 Jones 150; *Watson* v. *Davis,* 7 Jones 178; *Burton* v. *Wilkes,* 66 N. C. 604, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1877, of DAVIDSON Superior Court, before *Cox, J.*

It was alleged that an award in a certain suit was filed at Spring Term, 1867, of the late Court of Equity for Davidson County, to which no exceptions were taken, and upon which it was decreed that March & Hampton, plaintiffs, should have judgment against John W. Thomas, defendant, (intestate of defendant in this action) for $1409,25, and that execution should issue therefor; that said decree was subsequently assigned to the plaintiffs who brought this action to recover the amount thereof. The defendant set up certain counter-claims, and alleged that the balance of said amount had been paid to the attorneys of said March, who were fully authorized to receive the same.

At the trial the following issues were submitted to the jury :

1. Did March assign his interest in said decree to the plaintiff, Williams, before the institution of this action ? Ans.—Yes.

2. Did Hampton so assign his interest in same to the other plaintiff, Clouse ? Ans.—Yes.

3. If so, was such assignment made to hinder, delay, and defraud their creditors? Ans.—Yes.

4. Did the intestate, John W. Thomas, in his life time, pay off and fully discharge said decree ? Ans.—Yes.

That portion of His Honor's charge to the jury applicable to the points touched upon in the opinion of this Court, was "that the jury should inquire whether —— were the attorneys of said M., and if they were, then the jury should inquire into their duties as attorneys, and what they were; and that the selection of an attorney (by the client,) to act as arbitrator did not necessarily revoke his power as attorney; but that would depend upon the intent, which the jury were to decide."

As the jury were about to retire to make up their verdict, His Honor, after objection by counsel for plaintiff, permitted certain papers which were in evidence, to be handed to the jury, who retained them until the verdict was rendered.

The issue of payment having been found in favor of the defendant, there was judgment accordingly, and the plaintiffs appealed.

*Mr. W. H. Bailey* for plaintiffs.
*Mr. J. M. McCorkle* for defendant.

FAIRCLOTH, J. Does the reference of an action by consent to the attorney in said action for arbitration *ipso facto* revoke his authority as an attorney? This is an interesting, and in the present case, an important question. We were about to proceed to consider the question, but finding that we are compelled to order another trial on another exception, and inasmuch as His Honor submitted the question to the jury as one of intent, without a distinct issue, we have concluded not to pass upon it at present

Was it a question of law or of fact? This of course depends on the evidence; and if the latter, was there any evidence of the intent to go to the jury? We make these suggestions, but do not mean any expression of opinion until the facts are established by another trial.

His Honor handed important papers to the jury as they retired, which had been read in evidence, to which the plaintiffs objected, but the jury were allowed to keep the papers until the verdict was rendered. Whilst the decisions in different States of the Union do not agree on this subject, the practice has never been recognized in this State, and the rule against it has been uniform, unless by consent. See the following cases for the reasons on the subject: *Outlaw v. Hurdle*, 1 Jones 150 ; *Watson* v. *Davis*, 7 Jones 178 ; *Burton* v. *Wilkes*, 66 N. C. 604.

Error.

PER CURIAM.                            Judgment reversed.